Hall J.
delivered the opinion of the Court:
The Jury have found that at the time when the defendant purchased the old note, which had been executed by Causey and the complainant to Stringer, he had no knowledge of *114 its having been discharged. Now if, by that purchase, he had obtained any legal advantage of the complainant, and one or the other must have suffered in consequence of Ruffin’s insolvency, Equity would not interfere, but leave the loss, where the law placed it. But, by that purchase he gained no legal advantage. He could not have recovered at law upon that note; for Thigpen had a good defence. Afterwards, during the solvency of Ruffin, the Jury find that the defendant had full notice that the note was discharged. Possessed of this knowledge, and before Ruffin’s insolvency, he procured the complainant to give him the note, on which he brought this suit, founded upon no other consideration than the circumstance of Thigpen’s having been security in the first note, to Stringer. Here was such a concealment of the true situation in which the parties stood, and such an attempt wrest money out of the complainant, without any consideration, when the defendant ought to have sought his remedy elsewhere, if Ruffin really owed him, that this court ought to interfere. I therefore think the defendant should be decreed to pay to the plaintiff the full amount of all the money which he received of the complainant, in consequence of the judgment obtained at law, with interest thereon from the time he received it, as well as all costs at law, which the complainant was legally bound to pay, together with the costs of this suit.